Rex Milton ROSE, Plaintiff-Appellant,

v.

Joseph C. RINALDI, Defendant-Appellee.

No. 79–4493.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 1981.

Decided July 1, 1981.

Rex M. Rose, on briefs, pro se.

Roger A. Gerdes, Asst. Atty. Gen., Seattle, Wash., on briefs, for defendant-appellee.

Before HUG and SKOPIL, Circuit Judges, and ORRICK *, District Judge.

HUG, Circuit Judge:

Rex Rose appeals from a district court order dismissing his 42 U.S.C. § 1983 civil rights action as time-barred by the State of Washington's two-year statute of limitations. He argues that the district court applied the wrong limitations statute to his Section 1983 action. We agree, and accordingly, we reverse the order of the district court.

Rose was stabbed by William Tatsumi on February 19, 1975, while both were participants in a prisoner release program at the University of Washington. Appellee Joseph Rinaldi was a parole officer assigned to the program. On July 18, 1977, Rose filed an action for damages against Rinaldi pursuant to 42 U.S.C. § 1983. He alleged that Rinaldi violated his civil rights by disclosing information to Tatsumi which precipitated the attack. The matter was referred to a magistrate who characterized Rose's cause of action as one for assault and concluded that the claim was barred by Washington's two-year statute of limitations applicable to assault actions. The district court adopted the conclusion of the magistrate and dismissed the complaint as time-barred.

* Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

Rose contends on appeal that the district court erred in dismissing his claim because it improperly applied the limitations statute governing assault actions. He maintains that the correct limitations period for his Section 1983 claim is Washington's three-year statute applicable to actions for negligence. Rose's cause of action accrued on February 19, 1975, and his complaint was filed on July 18, 1977. His action therefore would be time-barred under a two-year limitations statute and timely under a three-year statute.

■ The Civil Rights Act of 1871 does not contain a provision limiting the time within which a claim under the Act may be brought. Thus, the federal courts will apply the applicable period of limitations under state law for the jurisdiction in which the claim arose. *Clark v. Musick*, 623 F.2d 89, 90 (9th Cir. 1980); *Smith v. Cremins*, 308 F.2d 187, 189 (9th Cir. 1962). In determining which period of state limitations to apply to a federal action, the court must first characterize the federal claim. *Clark v. Musick*, 623 F.2d at 91. This circuit has continually characterized Section 1983 claims as actions created by statute, and, wherever possible, the state limitations period governing actions founded on a liability created by statute has been applied. *Id.* at 92; *Shouse v. Pierce County*, 559 F.2d 1142, 1146–47 (9th Cir. 1977). That choice is unavailable here because Washington has no such statute. Therefore, we must examine Washington's other statutes of limitations and determine which limitations period best serves the interests which Section 1983 was designed to protect.

■ The need for uniformity in federal law dictates that Rose's civil rights claim not be characterized as simply an assault or a negligence action. As explained in *Clark v. Musick*, 623 F.2d at 92 (*quoting Smith v. Cremins*, 308 F.2d at 190):

Inconsistency and confusion would result if the single cause of action created by Congress were fragmented in accordance with analogies drawn to rights created by state law and the several differing periods of limitation applicable to each state-created right were applied to the single federal cause of action.

Consequently, the magistrate erred in applying the two-year assault statute of limitations and Rose's contention that the three-year statute governing negligence actions should apply is equally incorrect.

■ Washington has two catch-all statutes that are suitable for application to a Section 1983 action: (1) Revised Code of Washington (R.C.W.) 4.16.080(2), which restricts to three years an action "for any injury to the person or rights of another not hereinafter enumerated," and (2) R.C.W. 4.16.130, which limits to two years "an action for relief not hereinbefore provided for." In Section 1983 actions the United States has an interest in a limitations period "sufficiently generous . . . to preserve the remedial spirit of federal civil rights actions." *Shouse v. Pierce County*, 559 F.2d at 1146 (footnote omitted). The catch-all three-year limitations period "for any other injury to the person or rights of another" contained in R.C.W. 4.16.080(2) furthers this interest. Moreover, the Washington Supreme Court has stated that in situations where there is uncertainty as to which limitations statute governs, the longer statute will generally be used. *See Shew v. Coon Bay Loafers, Inc.*, 76 Wash.2d 40, 51, 455 P.2d 359, 366 (1969). Accordingly, we conclude that the applicable period of limitations for Rose's Section 1983 action is three years under R.C.W. 4.16.080(2). The order of the district court is REVERSED and the case is REMANDED for further proceedings.