BILL'S CRANE SERVICE, INC., a Hawaii Corporation, and Hanna Enterprises, Inc., a Hawaii Corporation, Plaintiffs,

v.

Walter B. QUISENBERRY, George A. L. Yuen, James S. Kumagai, Shinji Soneda, Ralph K. Yukumoto, Harold Younquist, Henri P. Minette, Peter H. Sakai, Denis Tulang, John K. Ishikawa, Harold K. Yee, and George Fujimoto, Defendants.

Civ. No. 78–0042.

United States District Court, D. Hawaii.

Aug. 10, 1982.

Steven H. Levinson, Damon, Key, Char & Bocken, Honolulu, Hawaii, Boris Haskell, Washington, D. C., for plaintiffs.

Lawrence K. Lau, Deputy Atty. Gen., Tany S. Hong, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

SAMUEL P. KING, Chief Judge.

*Background.*

Plaintiffs filed the original complaint in this matter on February 8, 1978. On September 25, 1980, the court dismissed the complaint with leave to amend within 60 days. On November 24, 1980, plaintiffs filed their First Amended Complaint ("Complaint"), involving various claims of unequal treatment and denial of due process with respect to the application and enforcement of Department of Health ("DOH") rules relating to the certification and approval of private sewage treatment plants ("STPs").[1] Defendants now move for summary judgment on the grounds that the Complaint fails to state a claim upon which relief can be granted and that plaintiffs' claims are barred by the statute of limitations.

*Failure to State a Claim.*

The allegation that defendants acted with discriminatory purpose and in violation of the applicable DOH rules and regulations in certifying and approving the installation of plaintiffs' competitors' STPs does not state a constitutional deprivation cognizable under 42 U.S.C. § 1983.

---

1. Count One alleges that the defendants wrongfully approved and wrongfully authorized the approval of the installation of STPs which had not been properly certified, and that many of these plants were inferior to those marketed by plaintiffs and could not have been properly approved for installation.

Count Two alleges that defendants wrongfully certified and wrongfully refused to decertify STPs marketed by plaintiffs' competitors.

Count Three alleges that defendants wrongfully decertified plaintiffs' "Cavitette" STP from late 1973 or early 1974 through October, 1976, without prior notice or hearing, and that after the Cavitette STP was recertified, DOH employees continued to inform potential customers of plaintiff that it could not be used.

Count Four alleges that defendants have delayed and are delaying approvals and have selectedly enforced and are selectively enforcing regulations in connection with their review of plans which propose the installation of plaintiffs' STPs. (Counts Four and Five seek injunctive relief.)

Count Five alleges that DOH employees have harassed and are harassing owners and tenants of buildings using plaintiffs' STPs by selectively and discriminatorily enforcing various DOH regulations and policies.

■ The due process clause protects only against a deprivation of liberty or property interests. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Privileges, licenses, certificates, and franchises now do qualify as property interests for purposes of procedural due process. [citation omitted] But due process only becomes relevant where such property is "deprived"—e.g. where welfare benefits are terminated, [citation omitted]; where public employees are discharged, [citation omitted]; or where licenses are revoked [citation omitted].

*Wells Fargo Armored Service Corp. v. Georgia Public Service Comm'n*, 547 F.2d 938, 941 (5th Cir. 1977) ("*Wells Fargo*").

The only injury allegedly resulting from defendants actions is that "plaintiffs lost numerous contracts to these competitors which plaintiffs had or would otherwise have obtained, . . . ." Complaint ¶¶ 27, 41. Thus, despite plaintiffs' claim of "arbitrary discrimination," it is clear that Counts One and Two do not allege a violation of due process, and thus do not state a claim cognizable under § 1983. *See Wells Fargo*, 547 F.2d at 942; *Jacobson v. Hannifin*, 627 F.2d 177 (9th Cir. 1980). Accordingly, this court need not and does not consider defendants' arguments regarding abstention with respect to these counts.

Counts Three, Four and Five do state possible claims under section 1983, because they allege constitutional deprivations which directly involve plaintiffs' STPs.

*Statute of Limitations.*

■ Since congress did not provide a specific statute of limitations for § 1983 actions, courts have looked to state statutes to determine the appropriate limitations period.

In *Sotomura v. County of Hawaii*, 402 F.Supp. 95 (D.Haw.1975), this court looked to the nature of the claim asserted, found that the action most closely resembled one involving compensation for breach of a contract involving real estate, and applied the six-year statute of limitations applicable to actions of that nature. The court noted that other § 1983 actions may more closely resemble other causes of actions and involve different statutes of limitations.

In light of recent trends within the Ninth Circuit, it is appropriate to reconsider this decision. As stated in *Smith v. Cremins*, 308 F.2d 187 (9th Cir. 1962),

Inconsistency and confusion would result if the single cause of action created by Congress were fragmented in accordance with analogies drawn to rights created by state law and the several differing periods of limitation applicable to each state-created right were applied to the single federal cause of action.

*Id.* at 190.

■ In the Ninth Circuit, the favored characterization of a § 1983 action is as an "action created by statute." *See, e.g., Rose v. Rinaldi*, 654 F.2d 546 (9th Cir. 1981) (Washington) (applying "catch-all" statute of limitations because no specific statute available); *Major v. Arizona State Prison*, 642 F.2d 311 (9th Cir. 1981) (Arizona); *May v. Enomoto*, 633 F.2d 164 (9th Cir. 1980) (California); *Mason v. Schaub*, 564 F.2d 308 (9th Cir. 1977) (Nevada); *Strung v. Anderson*, 452 F.2d 632 (9th Cir. 1971) (Montana). It follows that this court should adopt a similar characterization.

■ Whenever possible, the court should apply the state limitations period governing actions founded on a liability created by statute. The alternative is to apply the state's "catch-all" statute of limitations. *See Rose v. Rinaldi*, 654 F.2d at 547. The question, then, is whether Hawaii has a limitations period which specifically applies to actions created by statute.

Haw.Rev.Stat. § 657–11 provides as follows:

*Recoveries authorized by federal statute.* Whenever any federal statute provides for an imposition of a civil penalty or liquidated damages or imposes a new liability or enlarges any existing liability and the statute does not specify the period within which suit to recover the penalty, liquidated damages, or any sum aris-

ing out of any new or enlarged liability may be brought, the suit, if brought in a state court, shall be commenced within one year from the date the cause of action arises or be thereafter barred.

*Id.*

As noted above, a § 1983 action is most accurately characterized as an action created by statute. Further, the section imposes a "new" liability in the sense that it creates a cause of action which did not exist at common law. Thus, although Haw. Rev.Stat. § 657–11 does not mention the possibility of declaratory or injunctive relief, it is the most appropriate statute of limitations to apply.[2]

*Tolling.*

Plaintiffs contend that the statute of limitations should be tolled as to Counts One, Two and Four by the pendency of an administrative proceeding ordered by the state court in a similar lawsuit filed by plaintiffs. This argument is without merit.

In § 1983 actions, federal courts are to follow the state tolling rules unless such rules are plainly inconsistent with the federal policy governing the cause of action under consideration. *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

Hawaii has no tolling rules relevant to the case at bar, and plaintiffs have not supported their allegation that tolling is appropriate. The administrative proceeding referred to by plaintiffs only involves a single model (the "Completaire") of an STP marketed by one of plaintiffs' competitors. The only portions of plaintiffs' complaint

which the proceeding is conceivably related to are Counts One and Two, which, as noted above, do not state claims cognizable under § 1983. Further, the outcome of the proceeding will not have any effect upon plaintiffs' other claims. It follows that tolling is inappropriate in this case. Plaintiffs' claims under Counts Three, Four and Five are thus barred to the extent that they seek relief for actions occurring prior to February 8, 1977.[3,4]

*Conclusion.*

Accordingly, it is ORDERED that Summary Judgment is granted in favor of Defendants and against Plaintiffs as to Counts One and Two, and as to all claims arising prior to February 8, 1977 in Counts Three, Four and Five.

---

**2.** A one year limitations period was found not to be inconsistent with the purposes of section 1983 in *Major v. Arizona State Prison*, 642 F.2d 311 (9th Cir. 1981). *Cf. Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462–465, 95 S.Ct. 1716, 1721–1722, 44 L.Ed.2d 295 (1975) (upholding one year statute of limitations period for action under 42 U.S.C. § 1981).

**3.** With respect to Count Three, it is important to distinguish between the allegation of wrongful decertification of the Cavitette, which is barred by the statute of limitations, and the allegation of wrongful conduct by DOH em-

ployees after the Cavitette was recertified, which may be pursued to the extent that the conduct occurred on or after February 8, 1977. *See London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981).

**4.** It is undisputed that defendants Quisenberry, Minette, and Sakai ceased working for the DOH in 1974, 1974, and 1972, respectively, and have had no involvement in DOH decisions regarding the approval, disapproval, or review of STPs since then. It is clear that the statute of limitations has run as to these defendants.