Clifford Y.C. LAI and Victoria L. Lai, Plaintiffs,

v.

CITY AND COUNTY OF HONOLULU, a municipal corporation, Defendant.

Civ. No. 78–0355.

United States District Court, D. Hawaii.

May 18, 1983.

David Bettencourt, Honolulu, Hawaii, for plaintiffs.

Ronald B. Mun, Jane H. Howell, Deputy Corp. Counsels, Gary M. Slovin, Corp. Counsel, Honolulu, Hawaii, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SAMUEL P. KING, Chief Judge.

This action came on for trial before this court on November 3, 1982. The court requested plaintiffs to draft and submit Proposed Findings of Fact and Conclusions of Law favorable to them. The defendant City and County of Honolulu (hereinafter City and County) was to file objections to the plaintiffs' draft. The City and County filed its own Proposed Findings of Fact and Conclusions of Law, asserting again the defense that the plaintiffs' claims were time-barred. The following shall constitute the Findings of Fact and Conclusions of Law required under Fed.R.Civ.P. 52.

The plaintiffs purchased the leasehold interest in property located at 1114–1116 Lunalilo Street, Honolulu, Hawaii. The property is located in the Historic, Cultural and Scenic District No. 3, also known as the Punchbowl District. The Punchbowl District was established by City and County Ordinance No. 4488. Ordinance No. 4488 imposes height limitations of 25 and 40 feet

on the plaintiffs' property, and also requires developers to obtain a Certificate of Appropriateness prior to development. The Ordinance took effect on August 14, 1975.

The plaintiffs had entered into an Option to Purchase agreement with Andrew Aiu and a group known as the Real Estate Swingers. Aiu and the Real Estate Swingers subsequently applied for a Certificate of Appropriateness authorizing construction of a 104-unit condominium project with a building height of 137 feet. On September 15, 1976, the City Council of the City and County of Honolulu adopted Planning and Zoning Committee Report No. 1326, thereby denying the application.

Plaintiffs filed the complaint in this action on September 14, 1978. Jurisdiction is based on 42 U.S.C. § 1983. On February 13, 1980, the defendant filed a Motion for Partial Summary Judgment, asserting that some of the plaintiffs' claims were barred by the two-year limitations period set out in Haw.Rev.Stat. § 657-7. On June 13, 1980 this court denied Defendant's Motion for Partial Summary Judgment. The court found that the statute began to run upon denial of the Certificate of Appropriateness on September 15, 1976, and not when the Ordinance took effect as asserted by the defendant. Therefore, the complaint was timely filed within the two-year limitations period. The court also noted that an argument could be made, depending on facts, that the applicable statute of limitations was Haw.Rev.Stat. § 657-1(4), which prescribes a limit of six years.

In *Sotomura v. County of Hawaii*, 402 F.Supp. 95 (D.Hawaii 1975), the court held that the statute of limitations in 42 U.S.C. § 1983 actions was governed by the nature of the claim involved. In *Bill's Crane Service, Inc. v. Quisenberry*, 545 F.Supp. 359 (D.Hawaii, 1982) this court reconsidered that earlier ruling in light of Haw.Rev.Stat. § 657-11.

■ Section 657-11 was originally enacted in 1945. It sets out a one-year statute of limitations for recoveries authorized by federal statute where the statute imposes a new liability or enlarges an existing liability, and where the statute does not set out its own limitations period. The court held that a section 1983 action is most accurately characterized as an action created by statute, and that section 1983 imposes a "new" liability by creating a cause of action which did not exist at common law. The court is now satisfied that the statute of limitations for all actions under section 1983 is one year, and that the previous ruling in the present case was in error.

■ Plaintiffs argue that state law should not govern the limitations period of an action brought pursuant to a federal statute. However, the law is settled that the state statute of limitations and state tolling rules govern federal actions under 42 U.S.C. § 1983. In *Board of Regents v. Tomario*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Supreme Court noted that Congress did not establish a statute of limitations for section 1983 actions. Therefore, "since there was no specifically stated or otherwise relevant federal statute of limitations for the federal substantive claim created by Congress ... 'the controlling period would ordinarily be the most appropriate one provided by state law.'" *Id.* at 485. The Court held that the New York statute of limitations would apply to the case at bar unless the state law was "inconsistent with the Constitution and laws of the United States." Id. *See also Maurer v. Ind. and as Members of L.A. County Sheriff's Dept.*, 691 F.2d 434, 436 (9th Cir.1982).

■ The present case is a section 1983 action. The City and County has not waived the statute of limitations as a defense. Inasmuch as Haw.Rev.Stat. § 657-11 was in effect at the time this action was commenced and is not inconsistent with the Constitution and laws of the United States, this court is compelled to apply its provisions to the case at bar. Under its provisions, the complaint in this case was not timely filed.

Accordingly, the action is dismissed, the parties to bear their own costs of action.