Clifford Y.C. LAI and Victoria L. Lai, Plaintiffs,

v.

CITY AND COUNTY OF HONOLULU, a municipal corporation, Defendant.

Civ. No. 78–355.

United States District Court, D. Hawaii.

Dec. 14, 1983.

David Bettencourt, Honolulu, Hawaii, for plaintiffs.

Ronald B. Mun, Deputy Corp. Counsel, Gary M. Slovin, Corp. Counsel, City and County of Honolulu, Honolulu, Hawaii, for defendant.

James Dannenberg, Deputy Atty. Gen., Honolulu, Hawaii, for amicus curiae.

ORDER DENYING MOTION TO AMEND THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, OR ALTERNATIVELY, FOR A NEW TRIAL

SAMUEL P. KING, Chief Judge.

Plaintiffs move to amend the Findings of Fact and Conclusions of Law (hereinafter "Findings") filed May 18, 1983, 562 F.Supp. 903 (D.Hawaii 1983), on eight different grounds. Each assertion shall be dealt with in turn.

I.

Plaintiffs assert that the Findings are contrary to the weight of the evidence and the applicable law. Plaintiffs cite no authority for this assertion, nor do they point to specific evidence adduced at trial to counter the Findings of this court.

II.

Plaintiffs argue that the Findings fail to determine the last causative event or the date upon which the cause of action arose. This was decided in an earlier Decision and Order Denying Motion for Partial Summary Judgment, filed June 13, 1980. It is the law of the case, and as such need not be discussed or included in the Findings. *See generally* 1B Moore's Federal Practice ¶ 0.404 (2d ed. 1983).

III.

Plaintiffs allege that the Findings fail to consider whether the court has general federal question jurisdiction under 28 U.S.C. § 1331. The court fails to see the significance of this argument. Apparently, plaintiffs are arguing that although they have not timely filed under the statute of limita-

tions applicable to 42 U.S.C. § 1983, namely Haw.Rev.Stat. § 657–11, they may be timely under some other cause of action, which confers jurisdiction on the court. Plaintiffs fail to identify any such cause of action, nor can the court discern any such claim.

## IV.

Plaintiffs contend that the Findings are clearly erroneous in determining that Haw. Rev.Stat. § 657–11 is not inconsistent with the Constitution and laws of the United States. Plaintiffs raise this argument in light of *Matthewman v. Akahane*, 574 F.Supp. 1510 (D.Hawaii 1983), where Judge Fong held section 657–11 unconstitutional as discriminating against a section 1983 federal cause of action. Since I think Judge Fong chose the wrong path in *Matthewman*, I decline to follow his example, and choose instead to follow the lead of the precedents already developed by this court[1] and the Ninth Circuit.

Federal courts borrow state statutes of limitations to apply in federal civil rights actions. *E.g., Board of Regents v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). The Hawaii Legislature enacted Haw.Rev.Stat. § 657–11 to provide a one-year statute of limitations for federal statutory causes of action which fail to provide their own limitations period. Thus, this court held in *Bill's Crane Service, Inc. v. Quisenberry*, 545 F.Supp. 359, 362 (D.Hawaii 1982) (King, C.J.), that section 657–11 is the proper statute to apply in section 1983 civil rights cases.

The fact that section 657–11 provides for a one-year limitations period for a civil rights action is not troublesome. *E.g., Major v. Arizona State Prison*, 642 F.2d 311 (9th Cir.1981). In fact, the only civil rights statute for which Congress has provided a limitations period, 42 U.S.C. § 1986, has a one-year provision. Thus, *Matthewman* did not conclude that the one-year period was per se unconstitutional. Rather, it was "the fact that [the one-year period] is shorter than the statute of limitations for all other state claims" that led to the conclusion that section 657–11 unconstitutionally discriminates against federal causes of action. *Matthewman*, at 1515.

*Matthewman's* nice distinctions and analogies aside, the Sixth,[2] Eighth,[3] Ninth,[4] and Tenth[5] Circuits have all applied state statutes of limitations aimed specifically at particular federal causes of action. The Fourth Circuit alone,[6] relying on a characterization of section 1983 as tort, held that the state statute discriminated against the federal claim by time-barring section 1983 claims earlier than it barred tort claims. This is precisely the hermeneutics that guided the decision in *Matthewman*.

The problem with this court's following the Fourth Circuit's lead is that in the District of Hawaii, the characterization of section 1983 as tort does not hold. Specifically, our Ninth Circuit has decided that

> [s]uch characterization serves no purpose other than to provide guidance in the selection of the applicable state statute. When the state has expressly made that

---

**1.** Several months before Judge Fong decided *Matthewman*, plaintiffs in this case filed a memorandum *identical* to the memorandum filed by the *Matthewman* plaintiffs. *See* Plaintiffs' Supplementary Trial Brief, *Lai v. City and County of Honolulu*, Civil No. 78–355 (filed March 25, 1983). That memorandum raised the same discrimination argument (with the same words) that guided *Matthewman*. This court rejected the discrimination argument, held section 657–11 constitutional, and applied it to this case. *See Lai*, 562 F.Supp. at 904. Just this year, the Ninth Circuit has approved of the court's application of section 657–11 to federal causes of action. *See Hafer v. Airline Pilots Assoc., Int'l and Hawaiian Airlines*, Civil No. 80–515 (D.Hawaii Nov. 6, 1981), *aff'd mem.*, 698 F.2d 1230 (9th Cir.1983).

**2.** *See Johnson v. Railway Express Agency*, 489 F.2d 525 (6th Cir.1973), *aff'd*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). *Accord, e.g., Boles v. Fox*, 403 F.Supp. 253 (D.Tenn.1975).

**3.** *See Chambers v. Omaha Pub. Sch. Dist.*, 536 F.2d 222 (8th Cir.1976).

**4.** *See Kosikowski v. Bourne*, 659 F.2d 105 (9th Cir.1981).

**5.** *See, e.g., Denny v. Hutchinson Sales Corp.*, 649 F.2d 816 (10th Cir.1981); *Zuniga v. Amfac Foods, Inc.*, 580 F.2d 380 (10th Cir.1978).

**6.** *See Johnson v. Davis*, 582 F.2d 1316, 1319–20 (4th Cir.1978). *But see Clark v. Louisa Cty. Sch. Bd.*, 472 F.Supp. 321, 324 (D.Va.1979).

selection the federal courts should accept it unless to do so would frustrate the purposes served by the federal law upon which plaintiff's claims rest.

*Kosikowski v. Bourne,* 659 F.2d 105, 107 (9th Cir.1981). Hawaii has made such an express selection by the enactment of section 657–11.[7] Accordingly, characterization as tort serves no valid purpose in the District of Hawaii. Moreover, accepting Hawaii's selection of a one-year long period does not frustrate the purposes served by the federal law, namely section 1983. *Major v. Arizona State Prison,* 642 F.2d 311 (9th Cir.1981). This court is bound, therefore, by its own and Ninth Circuit precedent to reject the Fourth Circuit's approach. The Ninth Circuit likewise has drawn attention to the contrast between our approach and that of the Fourth Circuit. *See Kosikowski,* 659 F.2d at 108 n. 3.

■ Since it is improper to characterize section 1983 as tort in Hawaii, section 657–11 cannot be said to discriminate against section 1983 as compared with the tort statute of limitations. Moreover, Hawaii has no legislation comparable to section 1983. *See, e.g., Figueroa v. State,* 61 Hawaii 369, 383, 604 P.2d 1198, 1206 (1979). Importantly, this court cannot find what state claim section 657–11 supposedly favors over a section 1983 claim.[8] The court, therefore, declines to follow *Matthewman,* and holds that section 657–11 is constitutional as applied to this section 1983 claim.[9]

## V.

Plaintiffs claim that the defendant should be estopped from asserting the statute of limitations defense. The court has already found that the City and County did not waive its statute of limitations defense. *See Lai,* 562 F.Supp. at 904. The court sees no basis for holding that the City and County is now estopped from asserting that defense.

## VI.

■ Plaintiffs contend that the judgment should be opened in order to take evidence on the date the section 1983 action arose. City and County Ordinance No. 4488 took effect on August 14, 1975. On September 15, 1976, the City and County adopted Planning and Zoning Committee Report No. 1328, denying the application to go forward with the underlying condominium project. The court found that the limitations period began to run from the 1976 date. Plaintiffs did not file this complaint for almost two years, on September 14, 1978. The complaint, therefore, was not untimely by a mere hair's breadth. Rather, it was a year, save a day, tardy. Accordingly, the court does not find any merit in plaintiff's request to relitigate the issue.

## VII.

Plaintiffs' final contentions, that section 657–11 cannot be constitutionally applied in this case, and that the defendant has not proved the applicability of that section to this case, are adequately answered by the discussion above. Both contentions are meritless.

## VIII.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend the Findings of Fact and Conclusions of Law, or Alternatively, For a New Trial is DENIED.

---

**7.** The Ninth Circuit favors a characterization of section 1983 actions as being created by statute. *See Bill's Crane,* 545 F.Supp. at 361. It was the holding of *Bill's Crane,* therefore, that section 657–11 properly governed section 1983 claims.

**8.** *Matthewman* does not identify the state cause of action supposedly favored over section 1983 by section 657–11. The opinion references "all state actions", *see Matthewman,* at 1521, and distinguishes one cause of action, *id.* at XI n. 21.

**9.** The court is mindful of the precarious position this conflict with *Matthewman* creates for

litigants. Yet *Matthewman* could have been decided under the authority of *Bill's Crane* and the earlier *Lai* case, which considered the constitutionality of section 657–11. My Brother Fong no doubt felt that a strong case was made for holding section 657–11 unconstitutional, despite *Bill's Crane* and *Lai's* expression to the contrary. Whatever disagreement Brother Fong had with my disposition of the constitutionality of section 657–11 will have to be left to the court of appeals to resolve.