Clifford Y.C. LAI and Victoria L. Lai, Plaintiffs-Appellants,

v.

CITY AND COUNTY OF HONOLULU, a municipal corporation, et al., Defendants-Appellees.

No. 84–1616.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 1984.

Decided Dec. 14, 1984.

David Bettencourt, Honolulu, Hawaii, for plaintiffs-appellants.

Ronald B. Mun, Deputy Corp. Counsel, City and County of Honolulu, James H. Dannenberg, Deputy Atty. Gen., Honolulu, Hawaii, for defendants-appellees.

Before HUG, TANG, and SCHROEDER, Circuit Judges.

HUG, Circuit Judge:

The appellants, Clifford and Victoria Lai (the "Lais"), appeal the district court's dismissal of their 42 U.S.C. § 1983 civil rights action as time-barred. 562 F.Supp. 903 motion to amend denied 575 F.Supp. 1510. Because the district court applied the incorrect statute of limitations, the district court's order is reversed.

### FACTS

In 1971, the Lais purchased a 30,000 square-foot parcel of property in Honolulu, Hawaii. On August 4, 1975, the City and County of Honolulu (the "City") adopted an ordinance, which lowered the permissible building height on the Lais' property from 350 feet to 25 feet. Thereafter, the Lais applied to the City for a variance. The City denied the application on September 15, 1976. On September 14, 1978, the Lais filed suit in the United States District Court under 42 U.S.C. § 1983, claiming that the ordinance deprived them of property without just compensation.

The district court concluded that the Lais' cause of action accrued on September 15, 1976, the date upon which their application for a variance was denied. The district court held that the appropriate statute of limitations for actions brought under section 1983 is Haw.Rev.Stat ("H.R.S.") § 657–11, which provides a one-year limitations period. Since the Lais filed suit almost two years after their cause of action accrued, the district court dismissed their claim as time-barred. The sole issue on appeal is whether H.R.S. § 657–11 applies to claims brought under 42 U.S.C. § 1983.

### DISCUSSION

The Civil Rights Act of 1871 does not contain a provision limiting the time within which a claim under the Act may be brought. Thus, the federal courts will apply the applicable period of limitations under state law of the jurisdiction from which the claim arose. *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980); *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir.1981). In determining which state limitations period to apply, the court must characterize the federal claim. *Rose*, 654 F.2d at 547; *Clark v. Musick*, 623 F.2d 89, 91 (9th Cir. 1980). Since *Smith v. Cremins*, 308 F.2d 187, 189 (9th Cir.1962), this circuit has characterized claims under section 1983 as actions on a liability created by statute and, wherever possible, the state limitations governing actions founded on a liability created by statute has been applied. *Rose*, 654 F.2d at 547.

The City claims that H.R.S. § 657–11 applies to liabilities created by statute. Section 657–11 provides:

*Recoveries authorized by federal statute.* Whenever any federal statute provides for an imposition of a civil penalty or liquidated damages or imposes a new liability or enlarges any existing liability

and the statute does not specify the period within which suit to recover the penalty, liquidated damages, or any sum arising out of any new or enlarged liability may be brought, the suit, if brought in a state court, shall be commenced within one year from the date the cause of action arises or be thereafter barred.

According to the City, section 657–11's language referring to "new liability" applies to statutorily created liabilities that did not exist at common law. Since section 1983 actions constitute liability created by statute, the City's interpretation would warrant the application of section 657–11 to the present case.

■ We decline to adopt the City's interpretation of section 657–11. The appellants contend that if this statute is applied it would result in discrimination against federal causes of action as opposed to state causes of action and therefore be in violation of 42 U.S.C. § 1983 and the United States Constitution. We need not reach this issue, however. A plain reading of the statute, enacted in 1945, reveals that it applies only to a federal statute that provides for the imposition of a "civil penalty or liquidated damages or imposes a *new* liability or *enlarges* any existing liability." (Emphasis added.)[1] Section 1983 does not impose a civil penalty or liquidated damages and was in existence long before the passage of section 657–11. It would be a strained construction to find that section 1983, which was passed in 1871, created any new or enlarged liability as of 1945, when section 657–11 was passed. Indeed, the legislative history of section 657–11 indicates that its main purpose was merely to limit the time within which an employee could file suit under the Fair Labor Standards Act.[2] The narrow scope accorded to section 657–11 at the time of its adoption in

1945 conflicts with the broad reading urged by the City. We therefore conclude that the "new or enlarged liability" language of section 657–11 only applies to federal statutes enacted after the adoption of section 657–11.

■ Since section 657–11 does not apply to section 1983 actions, this court must determine which of Hawaii's other limitations periods "best serves the interests which Section 1983 was designed to protect." *Rose*, 654 F.2d at 547. In cases where there has been no state limitations statute which governs liability created by statute, this court has consistently applied the state's catch-all limitations statute. *See Rose*, 654 F.2d at 547; *Shouse v. Pierce County*, 559 F.2d 1142, 1147 (9th Cir.1977) (per curiam). Hawaii's catch-all statute, H.R.S. § 657–1(4), provides a six-year limitations period. We believe that section 657–1(4) promotes the strong federal interest in a limitations period "sufficiently generous … to preserve the remedial spirit of federal civil rights actions." *Rose*, 654 F.2d at 547 (quoting *Shouse*, 559 F.2d at 1146). Accordingly, we conclude that the applicable limitations statute for section 1983 actions arising in Hawaii is H.R.S. § 657–1(4).

The order of the district court is REVERSED and the case REMANDED for further proceedings.

---

1. *Compare Plummer v. Western International Hotels Co.*, 656 F.2d 502, 506 (9th Cir.1981) (where the state limitations statute unambiguously applied to actions "upon a liability created by statute").

2. For example, in its recommendation to Hawaii's Territorial Governor, the Attorney General's office stated:

This Act is directed almost entirely at suits for back wages and overtime under the Federal Fair Labor Standards Act.... Payment of wages is inherently a matter taken care of currently, and a year's time for the employee to make up his mind seems reasonable.

Report to the Governor, May 8, 1945, at 1–2.