29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard C.S. HO, Plaintiff-Appellant,
v.
Patricia BORN; Cedric Roldan; David Goodspeed, Defendants-Appellees.
 No. 93-16580.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 22, 1994.
 
 Before: FARRIS, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard C.S. Ho, an adult corrections officer employed by the State of Hawaii Department of Public Safety, appeals the district court's judgment on the pleadings in favor of three internal affairs officers with the Department of Public Safety in Ho's 42 U.S.C. Sec. 1983 action alleging that he was subjected to an unlawful search. The district court found that Ho's action was barred by Hawaii's two-year statute of limitations governing personal injury actions. We review de novo, 3550 Stevens Creek Assoc. v. Barclays Bank, 915 F.2d 1355, 1357 (9th Cir.1990), cert. denied, 500 U.S. 917 (1991), and we affirm.
 
 
 3
 Ho contends that the district court erred by ruling that his action was time-barred because the court should have applied Hawaii's six-year residual statute of limitations covering all actions not governed by a specific limitation period.
 
 
 4
 State law determines the statute of limitations for actions brought under 42 U.S.C. Sec. 1983. Usher v. City of Los Angeles, 828 F.2d 556, 558 (9th Cir.1987). The applicable statute of limitations is the state's general or residual state of limitations for personal injury actions. Owens v. Okure, 488 U.S. 235, 250 (1989); Wilson v. Garcia, 471 U.S. 261, 280 (1985).
 
 
 5
 Pursuant to Haw.Rev.Stat. (HRS) Sec. 657-7, the general statute of limitations for personal injury actions is two years. The six-year statute of limitations set forth in HRS Sec. 657-1(4), Hawaii's residual statute of limitations for actions not otherwise covered by state law, is inapplicable because HRS Sec. 657-7 by its terms governs "[a]ctions for the recovery of compensation for ... injury to persons." See Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) (a state's residual statute of limitations for all actions applies to 42 U.S.C. Sec. 1983 actions only if the state does not have a residual statute of limitations for personal injury actions), cert. denied, 493 U.S. 860 (1989).
 
 
 6
 Here, Ho alleges that the illegal search occurred on November 24, 1990. He did not file this action until March 15, 1993. Accordingly, Ho's claims under 42 U.S.C. Sec. 1983 were barred by the two-year statute of limitations. See HRS Sec. 657-7.
 
 
 7
 Ho contends that the district court's application of Hawaii's two-year statute of limitations for personal injury actions constituted an impermissible retroactive application of a shorter limitation period. We disagree.
 
 
 8
 Prior to the Supreme Court's decision in Wilson v. Garcia, 471 U.S. 261 (1985), this court had held that HRS Sec. 657-1(4), Hawaii's residual six-year statute of limitations for actions not otherwise covered by state law, applied to 42 U.S.C. Sec. 1983 actions arising in Hawaii. See Lai v. City and County of Honolulu, 749 F.2d 588, 590 (9th Cir.1984). The following year, the Supreme Court held in Wilson that the appropriate statute of limitations for 42 U.S.C. Sec. 1983 actions is the forum state's statute of limitations for personal injury claims. Wilson, 471 U.S. at 275-76. The present action arose in November 1990, over five years after the Supreme Court's decision in Wilson. Accordingly, the district court did not retroactively apply Wilson to the present action.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ho's request for attorney's fees is denied