**CENTRO MEDICO DEL TURABO, INC., et al. Plaintiffs**

v.

**Hon. Carmen FELICIANO DE MELECIO Defendant**

No. CIV. 99–2277(SEC).

United States District Court, D. Puerto Rico.

May 28, 2004.

Fernando E. Agrait–Betancourt, San Juan, PR, for Plaintiffs.

Miguel A. Fernandez–Torres, U.S. Attorney's Office, Torre Chardón, San Juan, PR, P.T., for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before this court is the Defendant's motion to dismiss arguing that this action is time barred, that *res judicata* precludes Plaintiffs' claim, that the Plaintiffs have failed to assert a Fourteenth Amendment violation, that the Defendant is shielded by qualified immunity, and that Co-plaintiff Joaquín Rodríguez García, as chairman and stockholder, lacks standing to sue (Docket # 6). Plaintiffs have opposed Defendant's motion (Docket # 8) and Defendant, in turn, has replied (Docket # 15).

**Background**

The plaintiffs, Centro Medico del Turabo, Inc. ("CMT"), Turabo Medical Center Partnership ("TMCP"), HIMA en Humacao, Inc. ("HIMA"), and Joaquín Rodríguez García ("Plaintiffs"), filed this action for injunctive relief and compensatory and punitive damages against the Hon. Carmen Feliciano de Melecio, Secretary of Health, for alleged constitutional violations under the First, Fifth, and Fourteenth Amendments of the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. According to the complaint, the acts of discrimination and constitutional violation consist of Defendant's reiterated denial to grant to several medical facilities owned and/or operated by the Plaintiffs the Certificates of Necessity and Convenience (CNC) requested by them and of not allowing them to participate in the processes of privatization and administration of public health facilities. Plaintiffs also allege that there has been a pattern of retaliation, harassment, and coercion

against them and that they have had to repeatedly validate their rights in the state courts. As a result of such actions, Plaintiffs have allegedly been harmed and unconstitutionally punished for exercising their rights to engage in free speech and to petition the government for the redress of grievances, and to be protected from discrimination.

In her motion to dismiss, Defendant has raised several defenses and arguments for dismissal.[1] Since the statute of limitations issue is dispositive of most of Plaintiffs' claims, we will address this issue first. Essentially, Defendant asserts that all the acts mentioned in the complaint are in excess of the applicable one year limitations period. Plaintiffs counter arguing that the alleged acts of discrimination and retaliation are of a continuous nature and hence, the complaint is not time barred.

**Standard of Review**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). *See also Correa–Martínez v. Arrillaga–Beléndez*, 903 F.2d 49, 52 (1st Cir. 1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

■ But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.*

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle*, 142 F.3d at 508 (*quoting Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations

---

1. Defendant argues that the doctrine of *res judicata* precludes Plaintiffs from asserting these claims because they had the opportunity to fully litigate them before the Appeals Court of the Commonwealth of Puerto Rico and failed to do so. In addition, she asserts that she acted within her discretion, thus, she is protected by qualified immunity. Furthermore, Defendant avers that Plaintiffs failed to assert an Equal Protection and Due Process

violation because the Rules and Regulations for the Concession of CNCs make classifications in the legitimate interest of the State and an abstract desire or unilateral hope does not establish a protected interest under the Due Process Clause. Finally, Defendant contends that Co-plaintiff Joaquín Rodríguez García, chairman and stockholder, lacks standing to sue since he is not a victim of any alleged unconstitutional conduct.

of law." *Wash. Legal Found.v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir.1993).

## Applicable Law and Analysis

■ Section 1983 provides a venue for vindicating federal rights elsewhere conferred. *See Graham v. Connor,* 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). However, it does not contain a statute of limitations to govern those claims filed under it. It is well-settled law that state-law statute of limitations governs suits in federal courts arising under 42 U.S.C. § 1983. *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). For such purposes, federal courts are to borrow the state law limitations period for personal injury suits. *Id.* Puerto Rico law imposes a one-year statute of limitations for tort actions arising out of the fault or negligence of a defendant. Art. 1868(2) of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5298. Hence, actions brought in this district under § 1983 are subject to Article's 1868(2) one-year statute of limitations. *See Graffals González v. García Santiago,* 550 F.2d 687, 688 (1st Cir.1977); *Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir.1997); *Calero–Colón v. Betancourt–Lebrón,* 68 F.3d 1, 2 (1st Cir.1996) (citing *Wilson v. Garcia,* 471 U.S. 261, 276–80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)); *Guzmán–Rivera v. Rivera–Cruz,* 29 F.3d 3, 4–5 (1st Cir.1994). The one year statutory period begins one day after the date of accrual. *Benitez–Pons v. Commonwealth of Puerto Rico,* 136 F.3d 54, 59 (1st Cir.1998) (*citing Carreras–Rosa,* 127 F.3d at 174).

■ Although courts resort to state law to determine the length of the statute of limitations for § 1983 claims, federal law will determine the date of accrual. *See*

*Muñiz–Cabrero v. Ruiz,* 23 F.3d 607, 610 (1st Cir.1994). Under federal law, "Section 1983 claims accrue when the plaintiff 'knows or has reason to know, of the injury on which is the basis of the action.'" *Calero–Colón,* 68 F.3d at 3 (*quoting Torres v. Superintendent of the Police,* 893 F.2d 404, 407(1st Cir.1990)) (citation omitted). In a § 1983 case concerning the unlawful taking of property, the statute of limitations begins to run on the date of the wrongful appropriation. *Schaefer v. Stack,* 641 F.2d 227 (5th Cir.1981); *Kittrell v. City of Rockwall,* 526 F.2d 715 (5th Cir.1976); *Lai v. City of Honolulu,* 575 F.Supp. 1510 (D.Haw.1983) *rev'd on other grounds,* 749 F.2d 588 (9th Cir.1984) (limitations period for bringing suit alleging deprivation by zoning commission begins on the date of the commission's order denying a land use permit); *Altair Corp. v. Pesquera De Busquets,* 769 F.2d 30 at 32–33 (1st Cir.1985). The doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated. *See Alldread v. City of Grenada,* 988 F.2d 1425, 1432 (5th Cir. 1993).

■ The crux of this case is precisely from what date or act must we compute the statute of limitations to determine whether *vel non* Plaintiffs' action is timely. Defendant asserts that each and all the individual acts of alleged discrimination and constitutional violation asserted in the complaint occurred more than a year prior to the filing of the complaint.[2] Defendant's calculations are based on the dates in which she issued the administrative decisions that Plaintiffs challenged in state courts,—e.g. the dates of the denials of the CNCs,—and not on the dates that Plain-

---

2. Based on the allegations of the complaint, the alleged discriminatory acts occurred during the time period between October 1, 1996 and July 1999 and the complaint was filed November 22, 1999.

tiffs challenged those actions before the state courts.

In contrast, Plaintiffs attempt to maintain their claims alive by seeking refuge under the continuing violation theory. On that vein, they claim that Defendant continues to discriminate against them. Specifically, they refer to a Notice of Bid Adjudication issued after the filing of the complaint which relates to a prior impugnation process that they filed in state court and to a Petition for Mandamus, also filed after the complaint, wherein they seek to enjoin the Secretary to comply with a prior state court order issued in one of the administrative revision cases mentioned in the complaint. Finally, Plaintiffs invoke the equitable doctrine of tolling in further support of their assertion that their claims are not time barred.

### Continuing Violation Theory

■ Although the continuing violation theory had its genesis in decisions interpreting Title VII of the Civil Rights Act of 1964, it has been applied to other contexts. *See Velázquez v. Chardón*, 736 F.2d 831, 833 (1st Cir.1984). The continuing violation doctrine "is often invoked in cases involving a pattern or policy of employment discrimination in which there has been no single act of discrimination sufficient to trigger the running of the limitations period." *Id.* In general terms, the doctrine creates an equitable exception to the statute of limitations because it allows recovery for claims filed outside of the statutory period when the unlawful behavior is deemed ongoing. *See Provencher v. CVS Pharmacy, Div. Of Melville Corp.*, 145 F.3d 5, 14 (1st Cir.1998). To establish a continuing violation, the plaintiff "must allege that a discriminatory act occurred or that a discriminatory policy or practice existed" within the statutory period. *Muñiz–Cabrero v. Ruiz*, 23 F.3d 607, 610 (1st Cir.1994) (*quoting Johnson v. General*

*Electric*, 840 F.2d 132, 137 (1st Cir.1988)(internal quotation omitted)).

■ There are two types of continuing violations: (1) serial; and (2) systemic. *See e.g., Crowley v.L.L. Bean, Inc.*, 303 F.3d 387, 405 (1st Cir.2002). The term serial violations refers to a number of discriminatory acts emanating from the same discriminatory animus, where each act constitutes a separate actionable wrong. *See Jensen v. Frank*, 912 F.2d 517, 522 (1st Cir.1990)("it is 'continuing' by virtue of the fact that it keeps happening"). Under this scenario, a plaintiff must demonstrate that at least one discriminatory act occurred within the limitations period. *Muñiz–Cabrero*, 23 F.3d at 610. There is a "critical distinction" between the occurrence of a discriminatory act and the later effects of that act. The fact that a plaintiff may be feeling the effects of some earlier discriminatory action is insufficient to bear its burden. *Id.; Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991); *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979) ("A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination."). This distinction is critical because a continuing violation is caused by continuing unlawful acts and not by the continued ill effects stemming from an original violation.

■ On the other hand, systemic violations "need not involve an identifiable discrete act of discrimination transpiring within the limitations period." *Jensen*, 912 F.2d at 523. A plaintiff's burden consists of demonstrating that he or she has been harmed by the application of a discriminatory policy or practice and that said policy or practice continues into the limitations period. *Id.* If the plaintiff can make this showing, the complaint is considered to be timely filed. *Rivera–Rodriguez v. Frito*

*Lay Snacks Caribbean,* 265 F.3d 15, 21 (1st Cir.2001). In the case at bar, Plaintiffs have not alleged nor is there any evidence of a systemic violation. Thus, we will analyze whether Plaintiffs' claims are saved by the serial violation branch of the continued violation doctrine.

■ The First Circuit has identified three criteria that should be considered when determining the sufficiency of a serial violation claim. *See O'Rourke v. City of Providence,* 235 F.3d 713, 731 (1st Cir. 2001) (acknowledging that these criteria are modeled after the test set forth in *Berry v. Bd. of Supervisors of L.S.U.,* 715 F.2d 971, 981 (5th Cir.1983)). These criteria are: (1) subject matter—"Is the subject matter of the discriminatory acts sufficiently similar that there is a substantial relationship between the otherwise untimely acts and the timely acts?" (2) frequency—"Are the acts isolated and discrete or do they occur with frequency or repetitively or continuously?" (3) permanence—"Are the acts of sufficient permanence that they should trigger an awareness of the need to assert one's rights?" *Id.* (citations omitted).

■ Of the factors above listed, the First Circuit has expressed that it considers permanence to be the most important. *Sabree v. United Bhd. of Carpenters and Joiners Local No. 33,* 921 F.2d 396, 402 (1st Cir.1990). "Permanence is basically an inquiry into what the plaintiff knew or should have known at the time of the discriminatory act." *Id.* Therefore, the crucial question for purposes of Plaintiffs' continuing violation claim in the case at bar is when and to what extent Plaintiffs were on notice of the alleged discrimination. *See Jensen,* 912 F.2d at 522.

Plaintiffs have alleged two separate incidents which took place within the year prior to the filing of the complaint, one in the complaint and one in their opposition to Defendant's motion. In their complaint, Plaintiffs allege that in July, 1999 the Escuela de Ciencias Médicas San Juan Bautista became the administrator of the Caguas Regional Hospital. Plaintiff CMT had filed with the Department of Health a notice of interest to manage, lease or acquire the Caguas Regional Hospital in 1993 to which the Department of Health never replied. Plaintiff CMT again expressed interest in 1998 in writing when rumors of a surrender of the Caguas Regional Hospital to the Escuela de Ciencias Médicas San Juan Bautista surfaced. This time, Defendant allegedly informed Plaintiff CMT that she had no immediate intention to privatize the facility and assured Plaintiff CMT that if there ever were such intention, it would be notified and due process would be observed. In their motion to dismiss, Defendant adds that pursuant to Law 190 of September 5, 1996, the Secretary "shall give preference" to the medical schools in the acquisition of health institutions and can contract with the medical schools without having to comply with the provisions of a formal bidding process established by the same section of the Act.

■ This first incident alleged by Plaintiffs in an attempt to salvage their otherwise time barred claims is unpersuasive. A reading of the complaint suffices to demonstrate that Plaintiffs believed as early as 1996 that Defendant was discriminating against them at every turn. In fact, Plaintiffs turned to the Commonwealth courts in order to vindicate their rights. *See* Docket # 1. The continuing violation doctrine is not meant to protect a plaintiff who knew or should have known that he or she was being discriminated and regardless fails to timely seek relief. *Sabree,* 921 F.2d at 402 (*citing Roberts v. Gadsden Mem'l Hosp.,* 850 F.2d 1549, 1550 (11th Cir.1988)). Furthermore, we add

that this incident differs from the others included in the complaint in that the law itself dictated that the Secretary would not have to comply with the formal bidding process. Thus, we conclude that the 1999 incident was a discrete act, and as such, any relief is limited to Plaintiffs' claims regarding this incident.

 As a second incident, in their opposition to Defendant's motion, Plaintiffs allege that, subsequent to the filing of the complaint, Defendant issued a formal Notice of Bid Adjudication which relates to a bid that took place four (4) years ago and is one of the incidents detailed in the complaint. Because "the proper focus [in continuing violation analysis] is on the time of the discriminatory act, not the point at which the consequences of the act become painful," *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) (per curiam) (*quoted in Mack*, 871 F.2d at 182), and because the allegedly discriminatory act here happened more than one year prior to the filing of the complaint, Plaintiffs cannot meet their burden for establishing a continuing violation claim. Consequently, we find that, unless otherwise tolled, all the claims regarding the incidents alleged in the complaint, with the exception of the July 1999 incident, are time barred.

**Tolling**

 The time period for filing a charge is subject to equitable doctrines such as tolling or estoppel. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Pursuant to § 1988, Congress has specifically directed the courts to apply to § 1983 claims not only the analogous state statute of limitations but also the tolling rules. *See Chardón v. Fumero Soto*, 462 U.S. 650, 661, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983); *Bd. of Regents v. Tomanio*, 446 U.S. 478,

483–85, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). This is so because, "the limitations period and the tolling provisions are set in balance." *Mouradian v. John Hancock Cos.*, 930 F.2d 972, 974 (1st Cir.1991). Accordingly, § 1983 claims may be effectively tolled by their institution before the courts, by an extrajudicial claim by the claimant, and/or by any act of acknowledgment of the same by the violator of the civil rights. *See*, Article 1873 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5303.

 Plaintiffs assert that the many individual filings of administrative judicial review before the Circuit Court of Appeals of the Commonwealth of Puerto Rico served to toll the statute of limitations. Their argument is without merit.

 In order to toll the one year statute of limitations by the institution of a claim before the courts, Article 1873 requires that the action filed be "the case at bar," and not merely a somewhat related action arising from the same facts. *See Ramirez de Arellano v. Alvarez de Choudens*, 575 F.2d 315, 320 (1st Cir.1978); *Hernández Del Valle v. Santa Aponte*, 575 F.2d 321 (1st Cir.1978). That is, the tolling is effective with regard only to identical causes of action. *Rodriguez Narvaez v. Nazario*, 895 F.2d 38, 43 (1st Cir.1990); *Benitez–Pons v. Comm'r of Fin. Insts. of P.R.*, 136 F.3d 54, 60 (1st Cir.1998). If the state judicial action fails to afford the defendant "fair notice that he might be called upon to defend a damages suit, with different issues not applicable to a suit for injunctive relief," no tolling effect is accomplished. *Hernández Del Valle*, 575 F.2d at 324. "Thus, the policy of repose underlying the statute of limitations applicable to § 1983 cases mandates that an aggrieved party in Puerto Rico not only assert some rights within the specified period, but requires that the plaintiff call for an award

of damages before the statute runs." *Altair Corp. v. Pesquera De Busquets,* 769 F.2d 30, 32 (1st Cir.1985).

 In this case, Plaintiffs brought several actions before Puerto Rico's Circuit Court of Appeals under Puerto Rico's Uniform Administrative Procedure Act, Law No. 170 of August 12, 1988, as amended, 3 P.R. Laws Ann. § 2175, which provides for the judicial review of administrative decisions. The Puerto Rico Circuit Court's appeal authority in such cases is limited and circumscribed to the determination of whether the administrative agency acted arbitrarily, illegally, or in such an irrational fashion that its action constituted an abuse of discretion. *Murphy Bernabe v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975). Consequently, judicial intervention with administrative decisions focuses on three principal aspects: (1) if the remedy given was the appropriate one; (2) if the findings of fact are reasonably based on the evidence; and (3) if the conclusions of law are correct. *See* 3 P.R. Laws Ann. § 2175; *Reyes Salcedo v. Policía de P.R.,* 143 D.P.R. 85 (1997). Clearly, the most the Court of Appeals could do under that provision was to strike the Secretary's order, but it could not award damages. Plaintiffs themselves recognize this when they argued against the Defendant's contention that *res judicata* precludes them from filing this action before us: "Administrative proceedings are not damages actions, nor it [sic] offer similar remedies... Therefore, no claim preclusion is present in this case." (Docket # 8, p. 11). Hence, in the several administrative judicial revision cases filed by Plaintiffs against Defendant in her official capacity before the Puerto Rico Circuit Court of Appeals,[3] the Secretary was not called upon to defend a damages suit with different issues not applicable to an administrative revision ap-

peal. Thus, these state suits did not toll the statute of limitations for a § 1983 claim and the present action, with the aforementioned exception, is time barred.

### Failure to State a Claim

 Finally, we must address Defendant's remaining arguments regarding the one incident alleged in the complaint that occurred within the limitations period. Plaintiff CMT alleges that it had indicated its interest in managing, leasing, or acquiring the Caguas Regional Hospital. Pursuant to the aforementioned Law 190, Defendant did not have to follow the bidding procedure and in fact was mandated to give preference to the medical school. Plaintiffs' unilateral desire to acquire an interest in the hospital does not establish a protected interest. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth,* 408 U.S. 564, 576, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Inasmuch as Plaintiffs assert that Defendant intends to transfer possession of the hospital to another private group, such a claim is not ripe. Thus, there is presently no cognizable due process or equal protection cause of action actionable under § 1983.

### Conclusion

For the reasons stated herein, Defendant's motion to dismiss is **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**SO ORDERED.**

---

**3.** We also note that in those administrative revision actions, the Secretary was not sued

in her personal capacity, as she has been in this action.