**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC BOSTON, individually,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>KITSAP COUNTY, a Municipal Corporation organized under the laws of the State of Washington; CONMED, INC., a foreign corporation doing business in Kitsap County,<br>*Defendants-Appellants.* | No. 15-35296<br><br>D.C. No.<br>3:14-cv-05205-RBL<br><br><br>OPINION |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted December 9, 2016
Seattle, Washington

Filed April 7, 2017

Before: Richard C. Tallman and Morgan Christen, Circuit
Judges, and Morrison C. England, Jr.,[*] District Judge.

Opinion by Judge England

---

[*] The Honorable Morrison C. England, Jr., United States District
Judge for the Eastern District of California, sitting by designation.

## SUMMARY[**]

### Civil Rights

The panel reversed the district court's order denying defendants' motion to dismiss and remanded with instructions to dismiss plaintiff's 42 U.S.C. § 1983 claims as time barred.

Plaintiff's substantive claims arose out of injuries he sustained between January 3, 2011, and February 14, 2011, while housed at the Kitsap County Jail. On January 3, 2014, plaintiff submitted a tort claim to Kitsap County pursuant to Washington's presentment statute, RCW 4.96.020. After receiving no response from the County, plaintiff filed a federal lawsuit on March 10, 2014. The magistrate judge determined that because plaintiff had filed a claim prior to expiration of the statute of limitations, under the tolling provision set forth in RCW 4.96.020, he was entitled to 60 additional days in which to file his § 1983 action.

The panel held that RCW 4.96.020 does not operate to toll the state's general residual limitations period applicable to § 1983 actions because RCW 4.96.020 is a special statute of limitations as opposed to a typical tolling provision. As a result, the panel held that plaintiff filed his federal complaint after the applicable three-year statute of limitations had expired, and that his § 1983 claims were thus time barred and consequently should be dismissed.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Marc Rosenberg (argued), Lee Smart P.S. Inc., Seattle, Washington, for Defendants-Appellants.

Anthony Clarence Otto (argued), Law Office of Anthony C. Otto, Port Orchard, Washington, for Plaintiff-Appellee.

## OPINION

ENGLAND, District Judge:

Appellants Kitsap County ("Kitsap") and Conmed, Inc. ("Conmed") (collectively, "Appellants") appeal from the district court's denial of their motion to dismiss as time barred Appellee Eric Boston's ("Appellee" or "Plaintiff") claims brought under 42 U.S.C. § 1983. Appellee contends that the applicable statute of limitations was tolled under RCW 4.96.020. We hold, however, that because RCW 4.96.020 is a special statute of limitations as opposed to a typical tolling provision, it is not applicable to claims filed under § 1983. As a result, we find that Appellee filed his federal complaint after the applicable three-year statute of limitations had expired, and that his § 1983 claims are thus time barred and consequently should be dismissed. We reverse the district court's order denying Appellants' motion to dismiss and remand with instructions to dismiss Plaintiff's § 1983 claims as time barred.

## I

Appellee's substantive claims arise out of injuries he sustained between January 3, 2011, and February 14, 2011,

while he was housed at the Kitsap County Jail.  Given those injuries, Appellee submitted a tort claim on January 3, 2014, to Kitsap County.  Washington's claims presentment statute, RCW 4.96.020, provides:

> No action subject to the claim filing requirements of this section shall be commenced against any local government entity, or against any local government entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof.  The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period.  For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

RCW 4.96.020(4).

After receiving no response from Kitsap, Appellee filed a federal district court lawsuit on March 10, 2014, in the Western District of Washington alleging causes of action for violation of 42 U.S.C. § 1983 and negligence against Kitsap and Conmed, a private entity that contracted with Kitsap to provide inmate healthcare services.  Subsequently, on March 11, 2014, Appellee filed a materially identical state court

action in Pierce County Superior Court. The state court action has been stayed pending resolution of this federal case.

Appellants thereafter moved in this federal action to, among other things, dismiss Appellee's § 1983 claims as time barred. The magistrate judge issued a Report and Recommendation, which recommended rejecting Appellants' arguments on the ground that, although "[t]here has been some dispute as to whether the tolling provision in RCW § 4.96.020(4) applies to 42 U.S.C. § 1983 actions . . . , whether or not plaintiff actually filed a claim appears to be central to the district courts' analysis." Since Appellee had filed a claim prior to expiration of the statute of limitations, the magistrate judge determined that Appellee was entitled to 60 additional days in which to file his instant § 1983 action. The district court adopted the Report and Recommendation and denied Appellants' motion to dismiss.

Appellants subsequently moved for a "stay of proceedings and certification of issue to the Ninth Circuit," which the district court construed as a motion for interlocutory appeal. The court granted the motion, and this appeal followed.

## II

We have jurisdiction under 28 U.S.C. § 1292, and "[w]e review a district court's decision to grant or deny a motion to dismiss pursuant to Rule 12(b)(6) de novo." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1079 (9th Cir. 2005). Questions of statutory interpretation are also subject to de novo review. *Id.*

## III

It is undisputed that "[t]he Civil Rights Act of 1871 does not contain a provision limiting the time within which a claim under the Act may be brought." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). "Thus, the federal courts will apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Id.* In Washington, "[t]he catch-all three-year limitations period 'for any other injury to the person or rights of another' contained in R.C.W. 4.16.080(2)" applies to § 1983 claims like Appellee's. *Id.* Washington's related tolling provisions apply as well. *See Hardin v. Straub*, 490 U.S. 536, 539 (1998). It is also well settled that state notice of claim provisions are inapplicable to § 1983 actions. *See Felder v. Casey*, 487 U.S. 131, 133 (1988); *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989). The question, then, is whether the 60-day extension in RCW 4.96.020(4) is a true tolling provision that would apply to Appellee's § 1983 action, or whether it is a special statute of limitations contained in a basic notice of claim provision, which is inapplicable to Appellee's action. To answer this question, we must first examine two related cases previously before this court: *Harding v. Galceran*, 889 F.2d 906 (9th Cir. 1989), and *Silva v. Crain*, 169 F.3d 608 (9th Cir. 1999).

In *Harding*, we addressed the question whether § 1983 claims were tolled pursuant to California Government Code § 945.3. 889 F.2d at 907–08. Section 945.3 "prevents civil actions against peace officers from being filed while criminal charges are pending against the potential plaintiff," and "tolls the statute of limitations on the civil actions until the criminal charges are resolved." *Id.* *Harding* determined that "although section 945.3 may not prohibit a potential plaintiff from bringing a section 1983 claim against a peace officer

while criminal actions are pending, section 945.3's tolling provision may still apply to toll the limitations period while criminal actions are pending against the potential plaintiff." *Id.* at 908. Because state tolling provisions must be applied unless they are inconsistent with the federal law at issue, and because there was no inconsistency between § 945.3's tolling provision and the purposes of § 1983, tolling in that instance was proper. *Id.* at 909.

Ten years later, we considered a related but distinct question in *Silva*, 169 F.3d at 609. There, plaintiff analogized his situation to *Harding* and argued that California's notice of claim provision at California Government Code § 945.6 operated to change the one-year statute of limitations of his § 1983 claim to either six months after delivery of the written notice or, if no written notice was provided, two years after accrual of the cause of action, depending on the public entity's response to the claim presented. *See id.* at 609–10. We rejected plaintiff's argument, reasoning that the *Harding* panel had "simply followed the general rule that [the court] appl[ies] the state's general residual statute of limitations *and* state rules which toll the running of that statute." *Id.* at 610 (emphasis original). The statute at issue in *Silva* was not a state tolling provision like the provision addressed in *Harding*, but instead was a "separate freestanding special statute of limitations which appl[ied] when claims [were] presented to public agencies." *Id.* at 611. We therefore held that California's general residual tort statute of limitations—and not the special statute of limitations set forth in its claims presentment statute—applied to § 1983 claims arising in California. *Id.*

Indeed, the statute at issue in *Harding* contained a classic tolling provision—it established a plaintiff-specific hurdle to

filing suit, and then provided that the duration of that impediment would not be counted toward the running of the statute of limitations. On the other end of the spectrum, the provision at issue in *Silva* provided a classic "special statute of limitations." Rather than pausing the applicable statute of limitations (or "stopping the clock"), that provision entirely changed the statute of limitations based on the filing of a claim. Accordingly, *Harding* stands for the unremarkable proposition that state tolling provisions apply to § 1983 claims (so long as they are not preempted by federal law), and *Silva* stands for the equally unremarkable proposition that special statutes of limitations have no bearing on those federal causes of action.

Against that backdrop we turn now to RCW 4.96.020, which is both similar to and yet unlike either provision discussed above. For the reasons set forth below, we find RCW 4.96.020 to be more akin to the special statute of limitations addressed in *Silva* than the standard tolling provision of *Harding*. We therefore hold that RCW 4.96.020 has no bearing on § 1983 actions, and as a result Appellee's claims in this case are time barred.

## A

First, though RCW 4.96.020(4) provides that the applicable limitations period "shall be tolled," the use of the word "tolled" is not dispositive. Rather, we consider the *operation* of the provision—which automatically extends the applicable statute of limitations by a set number of days. The automatic extension of a statute by a uniform amount of time effectively creates an entirely new statute of limitations for any claim subject to the presentment rules. And because there can be no civil case unless a claim is presented, the

"extended" statute of limitations becomes the true limitations period in all such cases.

Appellee argues that RCW 4.96.020 is a tolling provision because it stops the clock upon the filing of a claim and starts it again once the 60-day period expires. The problem with that approach on closer inspection, however, is that there is no reason to "stop" the clock when we know exactly when it will "start" again. Instead, we simply add 60 days to the underlying limitations period to calculate the new limitations period. Despite use of the word "tolling," in application RCW 4.96.020(4) changes the statute of limitations based on the claims presentment statute and establishes a new statute of limitations applicable to all similarly situated plaintiffs (i.e., plaintiffs suing defendants entitled to presentment) across the board. *See Castro v. Stanwood Sch. Dist. No. 401*, 151 Wash. 2d 221, 226 (2004) (describing RCW 4.96.020(4) as a "tolling provision" but noting that "[e]ssentially, the provision adds 60 days to the end of the otherwise applicable statute of limiations"). Because the statute creates the same new limitations period for every similarly situated litigant, use of the word "tolled" is imprecise.

**B**

Second, true "tolling provisions" are commonly put in place to address a recognized impediment to filing suit. Typically, this impediment is outside of the plaintiff's control, and the respective tolling period differs from person to person depending on the duration of the particular

impediment.[1]  An ordinary plaintiff does not control the factors giving rise to the need for tolling and thus cannot unilaterally stop the limitations clock.  Tolling provisions provide for an unknown tolling period because the duration of the underlying impediment is unknown and unknowable. RCW 4.96.020 does none of that.

### 1

In the context of § 1983 actions, RCW 4.96.020 permits a plaintiff to unilaterally extend the limitations period by filing a claim.  Because § 1983 plaintiffs are not required to present their federal claims pursuant to state notice of claims statutes, *see Felder v. Casey*, 487 U.S. 131 (1988); *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir. 1989), a choice to do so is a unilateral decision on the part of a plaintiff.  The opportunity to exercise that option is much different than the circumstances that traditionally give rise to tolling in other cases.

This is important because allowing a plaintiff to unilaterally modify an existing statute of limitations, especially when it can be done on the last day of the limitations period as is permissible under RCW 4.96.020, is inconsistent with the policies underlying the longstanding use

---

[1] *See, e.g.*, RCW 4.16.170 (Tolling of statute—Actions, when deemed commenced or not commenced); RCW 4.16.180 (Statute tolled by absence from state, concealment, etc.); RCW 4.16.200 (Statute tolled by death); RCW 4.16.210 (Statute tolled—by war as to enemy alien); RCW 4.16.220 (Statute tolled—As to person in military service of United States); RCW 4.16.230 (Statute tolled by judicial proceedings ); RCW 7.75.080 (Statutes of limitations tolled until dispute resolution process concluded); RCW 19.120.100 (Limitation period tolled); RCW 19.86.120 (Limitation of actions—Tolling).

of statutes of limitations in our judicial system. "Statutes of limitations serve the policies of 'repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities.'" *In re Neff*, 824 F.3d 1181, 1185 (9th Cir. 2016) (quoting *Young v. United States*, 535 U.S. 43, 47 (2002)). "By setting a deadline for bringing a claim, statutes of limitations encourage plaintiffs to pursue diligent prosecution of known claims [] and thereby protect defendants against stale or unduly delayed claims." *Id*. (internal quotation marks and citations omitted). If a plaintiff can wait until the last minute, file an optional state claim, and thereby extend the statute of limitations applicable to a § 1983 action, the plaintiff is able to sit on his rights (as in this case), instead of diligently pursuing his available causes of action. More importantly, it undermines the protection defendants count on to avoid "stale or unduly delayed claims."

The import of these limitations periods to potential defendants is all the more evident if we consider the impact Appellee's interpretation of RCW 4.96.020(4) would have on a public servant. "[S]tatutes of limitation are among the universally familiar aspects of litigation considered indispensable to any scheme of justice," *Felder*, 487 U.S. at 140, and civil defendants thus depend on knowing there is some determinable limit on their potential liability. In Washington, § 1983 actions are subject to a three-year statute of limitations period. As a result, a public servant (e.g., a peace officer) would typically be able to determine the point at which a claim would be so stale that he or she could no longer be forced to defend against it. That is not the case if a plaintiff may decide on the last day of the applicable limitations period to file a claim pursuant to RCW 4.96.020, thereby garnering for himself 60 more days to pursue a civil

action. Indeed, under such a circumstance, the plaintiff would be put in the position to unfairly control the course of litigation.[2]

A plaintiff's ability to unilaterally control the statute of limitations therefore cuts against the interpretation that RCW 4.96.020(4) is a tolling provision. Our analysis is also consistent with the decision in *Harding*. In that case, the plaintiff was involuntarily prevented from pursuing a suit as to his state claims because the state made the decision to prosecute him. Whether the plaintiff was subject to criminal prosecution was outside of his control and no action was required by plaintiff to trigger the right to tolling. Importantly, the impediment was known to all and could not be used to blindside a potential defendant. Under those circumstances, applying a rule that extended the tolling provision to § 1983 actions, even if a plaintiff was not prohibited from bringing the action itself, did not operate to allow one party to gain an unfair advantage over another.[3]

---

[2] This is much different from the compulsory application of the statute to state claims where a claimant must file a claim or lose a cause of action. When a claim is mandatory, circumstances outside of the plaintiff's control warrant an extension of time to accommodate a state-imposed obligation. Because the plaintiff is at an unavoidable disadvantage, the system acts to equalize the playing field by extending the time during which a defendant remains subject to liability.

[3] The interests at stake in the instant case are much different than those discussed in *Harding*. Here, a plaintiff may simply be required to initiate a judicial § 1983 action prior to having a local entity review and dispose of his claim. He is nonetheless pursuing the same claims against the same parties, whose interests in each proceeding align. Such is not the case when a criminal defendant is simultaneously defending against criminal charges and pursuing civil relief. In the latter case, aside from the potential conflicts identified in *Harding*, the litigant could find that his

Accordingly, given the fact that under Appellee's argument, RCW 4.96.020(4) would permit him to unilaterally extend the statute of limitations applicable to his § 1983 claim, it differs from traditional tolling provisions and is more akin to a special statute of limitations.

**2**

As mentioned above, RCW 4.96.020 also differs from a typical tolling provision in that it extends the relevant statute of limitations by the same amount of time—60 days—for every plaintiff and in every case. Generally, when it comes to tolling provisions, the legislature is unable to predict how much time any particular statute will need to be extended in an individual case, and so it provides that a statute is tolled until the relevant impediment comes to an end. For example, although the age of majority will typically be the same in any particular state, how long it takes a plaintiff to reach that age will differ in each case. Similarly, the amount of time a potential defendant may be serving in the military or at war, or the length of a criminal prosecution, will vary.

A special statute of limitations, on the other hand, is triggered when a plaintiff makes a conscious decision to file a claim and, as in *Silva*, an entirely new limitations period becomes applicable. That is precisely the case here.

---

Fifth Amendment right against self-incrimination acts as a bar to adequately pursuing his civil claims or, conversely, that attempting to fully prosecute a civil action could jeopardize his Fifth Amendment rights. This type of conflict is much more fundamental to our basic system of rights than anything arguably associated with pursuing a § 1983 action prior to resolution of a plaintiff's presented claims and is more akin to the traditional "impediments" that statutes of limitation are intended to address.

Appellee decided to file a claim, and, at least as to his negligence cause of action, his statute of limitations became three years plus 60 days. The limitations period would be the same for any litigant pursuing a negligence claim against Kitsap because filing a claim is a mandatory condition precedent to filing suit. Stated another way, there is only one statute of limitations applicable to a claim like Appellee's negligence cause of action, and that is the one set forth in RCW 4.96.020(4). A plaintiff in Appellee's shoes would never be subjected to a three-year statute of limitations because he must timely submit a claim in order to litigate his case at all. If he timely submits a claim, his statute of limitations is automatically three years and 60 days. Accordingly, despite use of the word tolling, and despite any language indicating that a clock starts or stops, RCW 4.96.020(4) is, at base, a special statute of limitations.

## C

Finally, although not controlling in this court, it is significant that the only Washington state appellate court to address the issue so far has agreed that the 60-day extension of time under RCW 4.96.020(4) should not apply to § 1983 actions. *See Southwick v. Seattle Police Officer John Doe #s 1–5*, 186 P.3d 1089, 1090 (2008). The *Southwick* court reasoned that:

> As in *Silva*, the relevant law is a notice of claims statute containing a tolling provision. The tolling provision of RCW 4.96.020(4) is not a general tolling provision applicable to all personal injury actions. It is contained in the same statute requiring a delay of 60 days following the mandatory filing of a state claim

with a local government agency before the commencement of suit and is inextricably intertwined with this claim-filing requirement. It has no application generally to personal injury actions where no claim is required, and no applicability to § 1983.

*Id.* at 1093. Although the *Southwick* panel refers to RCW 496.020(4) as a "tolling provision," it then goes on to state, "[a]s the *Silva* court noted, state notice of claims statutes and their special statutes of limitations have no application to § 1983 claims." *Id.*[4] We agree with *Southwick*'s ultimate conclusion that RCW 4.96.020(4) is not a "general tolling provision" that needs to be incorporated into the statute of limitations for § 1983 claims. The fact that the State of Washington itself has determined that its own statute was intended as a special statute of limitations that should not be imported federally as a tolling provision is, at the very least, persuasive support for holding the same.

## D

We also note that even if RCW 496.020 acted to toll the statute of limitations on Appellee's § 1983 action, it would nonetheless not act to toll that limitations period as to Conmed. Conmed is a private entity, separate and distinct from Kitsap, and Conmed was not entitled to receive—and did not in fact receive—notice of the claim. Appellee has cited no authority indicating that such a defendant, even if its

---

[4] The internally conflicting statements in *Southwick* regarding whether RCW 4.96.020(4) is a tolling provision or special statute of limitations are indicative of the loose manner in which federal and state courts across the board use those terms.

operations are intertwined with that of a public entity, should be bound by an extension of a statute of limitations period derived from a notice of claim statute, especially when that defendant was not entitled to a claim and was never presented with one.

## IV

RCW 4.96.020 contains a special statute of limitations. It does not operate to toll the state's general residual limitations period applicable to § 1983 actions, and Appellee's § 1983 claims should thus have been dismissed. We therefore **REVERSE** and **REMAND**, with instructions to the district court to dismiss Plaintiff's § 1983 claims as time barred.