NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN L. FAGER; et al., | No. 15-35133 |
| Plaintiffs-Appellants, | D.C. No. 3:14-cv-05940-RJB |
| v. | |
| OLYMPIC PENINSULA NARCOTICS ENFORCEMENT TEAM, | MEMORANDUM* |
| Defendant, | |
| and | |
| CLALLAM COUNTY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted June 12, 2017
Seattle, Washington

Before: D.W. NELSON, M. SMITH, and CHRISTEN, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellants Steven Fager, Timothy Fager, Cynthia Fager, Kathleen Wheller, Gary Corman, and Ted DeBray appeal from the district court's order dismissing their 42 U.S.C. § 1983 claims under Federal Rule of Civil Procedure 12(b)(6) and declining to exercise supplemental jurisdiction over their remaining state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo a dismissal for failure to state a claim under Rule 12(b)(6). *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007). We also review de novo whether a claim is barred by the statute of limitations, but "[t]he question of when a claim accrues is a fact intensive inquiry, and we have held that a district court's factual finding concerning when a claim accrues is entitled to deferential review." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 691 (9th Cir. 2005)). For the following reasons, we affirm.

1. The district court correctly concluded that the Plaintiffs-Appellants' Fourth Amendment, due process, and wrongful discharge claims were barred by Washington's three-year statute of limitations for personal injury claims. *See* RCW 4.16.080; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) ("Actions brought pursuant to 42 U.S.C. § 1983 are governed by the state statutes of limitations for personal injury actions."). Even assuming equitable

tolling applies, it cannot save these claims.  The November 2011 motion to suppress filed in state court alleged the same facts as the federal complaint, showing the claims accrued outside of the three-year limitations period.  *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) (holding that federal law determines when a cause of action under § 1983 accrues and the statute of limitations begins to run); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999))); *see also Boston v. Kitsap Cty.*, 852 F.3d 1182, 1184 (9th Cir. 2017) (concluding that Washington's claims presentment statute does not toll the statute of limitations for § 1983 claims). Similarly, the continuing violations doctrine cannot make these claims timely, even if it applies.[1]  *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823–24 (9th Cir.  2001) (concluding the continuing violations doctrine requires that a plaintiff be exposed to an allegedly wrongful

---

[1]      The district court also correctly concluded that Plaintiffs-Appellants' due process claims are barred by the Supreme Court's holding in *Graham v. Connor*, 490 U.S. 386 (1989).  *See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007) ("[U]nder the *Graham* rule, a substantive due process claim will be preempted if the asserted substantive right can be vindicated under a different—and more precise— constitutional rubric.").

3

policy during the limitations period for a claim to be timely), *amended*, 271 F.3d 910 (9th Cir. 2001).

2.      The district court correctly dismissed the Plaintiffs-Appellants' federal malicious prosecution claims for failure to state a claim. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors have absolute immunity for decisions "intimately associated with the judicial phase of the criminal process"). The Plaintiffs-Appellants do not challenge the district court's dismissal of their malicious prosecution claims against the prosecutor-defendants,  and their complaint did not allege malicious prosecution claims against the non-prosecutor defendants.[2]

3.      Because Plaintiffs-Appellants agree that their appeal from the district court's dismissal of their state law claims is dependent upon their argument that the district court erred by dismissing their federal claims, we affirm the dismissal of the state law claims as well. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise

---

[2]      Corman's malicious prosecution claim is also barred by the statute of limitations.  *See Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981) (stating that a malicious prosecution claim accrues when "the case has been terminated in favor of the accused").

4

jurisdiction over the remaining state-law claims." (alteration in original) (quoting

*Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).

   **AFFIRMED.**