**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAYLOR E. BARLOW,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>STATE OF ARIZONA, on behalf of Arizona Department of Public Safety on behalf of Arizona Police Officer Standards and Training Board; et al.,<br><br>       Defendants-Appellees. | No. 21-15499<br><br>D.C. No. 2:20-cv-01358-SRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 8, 2022[**]
Phoenix, Arizona

Before: O'SCANNLAIN and GRABER, Circuit Judges, and FITZWATER,[***] District Judge.

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Plaintiff Taylor Barlow timely appeals the district court's dismissal of his Civil Rights Act claims. Reviewing de novo, <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999), we affirm.

1. The district court correctly held that Arizona's two-year statute of limitations for personal injury claims bars Plaintiff's claims. <u>See</u> Ariz. Rev. Stat. § 12-542(1) (providing a two-year statute of limitations for personal injury actions where death does not ensue from the person's injuries); <u>Owens v. Okure</u>, 488 U.S. 235, 236 (1989) ("[C]ourts entertaining claims brought under 42 U.S.C. § 1983 should borrow the state statute of limitations for personal injury actions."); <u>Taylor v. Regents of Univ. of Cal.</u>, 993 F.2d 710, 711–12 (9th Cir. 1993) (per curiam) (holding that claims brought under § 1985(3) are governed by the state personal injury statute of limitations). The parties dispute the date on which Plaintiff's claims accrued. But even assuming the later date of May 16, 2018, as Plaintiff contends, Plaintiff still filed his original complaint nearly two months too late (July 9, 2020).

We reject Plaintiff's tolling argument. That argument rests on Arizona's notice-of-claim provision. <u>See</u> Ariz. Rev. Stat. § 12-821.01(A) (requiring notice of claims to, *inter alia*, the public entity or public employee before a claim can be filed against them), 12-821.01(E) (providing that, if the public entity or public

2

employee does not respond to the claim within sixty days, the claim is deemed denied); Harding v. Galceran, 889 F.2d 906, 907–08 (9th Cir. 1989) (holding that a state provision tolled the limitations bar because it hinged on an impediment outside of the plaintiff's control). But Arizona's notice-of-claim provision does not toll the statute of limitations. See Stulce v. Salt River Project Agric. Improvement & Power Dist., 3 P.3d 1007, 1009 (Ariz. Ct. App. 1999) (holding that the statute of limitations to sue a public entity was not tolled during the sixty days during which the notice of claim was pending). Nor does Arizona's notice-of-claim provision apply to Civil Rights Act claims. See Felder v. Casey, 487 U.S. 131, 140–41 (1988) (holding that § 1983 preempts state notice-of-claim provisions); Boston v. Kitsap Cnty., 852 F.3d 1182, 1185 (9th Cir. 2017) ("[S]tate notice of claim provisions are inapplicable to § 1983 actions.").

2. In addition, even if the claims are not time-barred, they are barred by the doctrine of claim preclusion.[1] See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir. 1987) (noting that we may affirm on any ground supported by the record). Once Plaintiff raised, or could have raised, his claims in his prior state action that was

---

[1] When an action is first brought in state court and subsequently brought in federal court, the federal court must apply the laws of preclusion of the state in which the original claim was brought. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Plaintiff first sued Defendants in Arizona state court. Accordingly, Arizona rules of preclusion apply.

decided on the merits, he may not bring the same claims arising from the same "transaction or series of transactions out of which an action arises, considering whether the facts are related in time, space, origin, or motivation." Crosby-Garbotz v. Fell ex rel. Cnty. of Pima, 434 P.3d 143, 148 (Ariz. 2019) (internal quotation marks omitted); see also Peterson v. Newton, 307 P.3d 1020, 1022 (Ariz. Ct. App. 2013) (listing elements for claim preclusion under Arizona law); Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) ("Claims under 42 U.S.C. § 1983 are subject to claim preclusion even if the litigants did not actually litigate the federal claim in state court."). Here, all of Plaintiff's claims against Defendants in state and federal court arise out of the denial of his application for certification as a police officer, that is, the same "transaction," and are therefore barred by claim preclusion. See Olson v. Morris, 188 F.3d 1083, 1086 (9th Cir. 1999) (holding that claim preclusion applied to administrative decisions in Arizona and "even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal").

Plaintiff's argument that his current claims for lost earnings could not have been raised in the prior action misses the mark. The state proceeding rejected on the merits Plaintiff's claim that his application was denied improperly. Accordingly, Plaintiff cannot seek any relief on the premise that the denial was

wrongful.  See id. ("In Arizona, the failure to seek judicial review of an administrative order precludes collateral attack of the order in a separate complaint.").

**AFFIRMED.**