**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RONALD BUZZARD, Jr., | No. 22-35466 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01559-RAJ |
| v. | |
| STATE OF WASHINGTON; KING COUNTY PROSECUTOR; WASHINGTON STATE DEPARTMENT OF CORRECTIONS; ISRB; JOHN DOE, Secretary, Washington State Department of Corrections; JOHN DOE, Superintendent, Monroe Correctional Complex; JOHN DOE, Superintendent, Washington Corrections Center; JOHN THOMPSON, Law Librarian, Washington Corrections Center; MEEK, Sergeant (3A Unit), Monroe Correctional Complex; JAY INSLEE, Washington State Governor; JOHN DOE, Washington State Attorney General; PHILLIP AHN, Community Corrections Officer, Washington State Department of Corrections (Auburn Field Office); JEFF PATNEL; DOUGLAS W. CARR, Assistant Attorney General; JEFF PATNODE, Board Member, Indeterminate Sentence Review Board (ISRB); TOM SAHLBERG, Board Member, | MEMORANDUM* |

---

<sup>*</sup> This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Indeterminate Sentence Review Board (ISRB); BETSY HOLLINGSWORTH; DENNIS THAUT, Board Member, Indeterminate Sentence Review Board (ISRB); LYNNE DE LANO, Board Member, Indeterminate Sentence Review Board (ISRB); K. RONGEN, Board Member, Indeterminate Sentence Review Board (ISRB); E. BALMERT, Board Member, Indeterminate Sentence Review Board (ISRB); T. DAVIS, Board Member, Indeterminate Sentence Review Board (ISRB); LORI RAMSDELL, Board Member, Indeterminate Sentence Review Board (ISRB); LORI WONDERS, Legal Liaison, Coyote Ridge Corrections Center; ANDREWJESKI, Associate Superintendent, Coyote Ridge Corrections Center; HOWERTON, Officer, Coyote Ridge Corrections Center; KOPOIAN, Counselor (Unit 3A), Monroe Correctional Complex,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted March 17, 2023[**]
San Francisco, California

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Ronald Buzzard, Jr. appeals pro se from the district court's dismissal for failure to state a claim in his 42 U.S.C. § 1983 civil rights action alleging various violations of his constitutional rights during his parole and imprisonment. We review the dismissal de novo[1] and the denial of leave to amend for abuse of discretion.[2] We affirm.

The district court properly dismissed Buzzard's claims related to parole denials and community custody conditions as barred by Washington's three-year statute of limitations. *See* Wash. Rev. Code § 4.16.080(2); *Boston v. Kitsap County*, 852 F.3d 1182, 1185 (9th Cir. 2017). The continuing violations doctrine does not apply because each of the parole denials was individually actionable, and his community custody conditions became actionable when set, not each time the allegedly unconstitutional conditions were enforced. *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Also unpersuasive is Buzzard's argument that the statute of limitations was tolled because his claims are capable of repetition, yet

---

[1] *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000).

[2] *United States ex rel. Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (leave to amend); *see also United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

22-35466

evading review. He conflates mootness[3] with the expiration of a statute of limitations.

The district court did not err in dismissing Buzzard's claims related to access to courts and to his attorney. Buzzard was not denied assistance from his attorney in advance of his parole revocation hearing. Thus, lack of unrestricted access to the law library during that time did not violate his rights. *See Keenan v. Hall*, 83 F.3d 1083, 1093–94 (9th Cir. 1996). Buzzard also failed to identify a "'nonfrivolous legal claim [that] had been frustrated'"[4] or how additional access to the law library would have changed the outcome of his parole revocation appeal.

The district court did not err in dismissing Buzzard's equal protection claim because he failed to allege that any defendant "'acted with an intent or purpose to discriminate against [him] based upon membership in a protected class.'"[5]

Dismissal of Buzzard's First Amendment[6] claim arising from his alleged right to assist other inmates with their legal cases was proper. As an inmate, Buzzard retains First Amendment rights "that are not inconsistent with his status as

---

[3] *See Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013).

[4] *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

[5] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

[6] U.S. Const. amend. I.

a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 2804, 41 L. Ed. 2d 495 (1974); *see also Shaw v. Murphy*, 532 U.S. 223, 230–32, 121 S. Ct. 1475, 1480, 149 L. Ed. 2d 420 (2001). In asserting this claim, Buzzard failed to allege or demonstrate that there was no legitimate penological objective for preventing him from assisting other inmates in the law library.

The district court also properly dismissed Buzzard's retaliation claim, which provided only conclusory and speculative statements that he was denied parole as a means of retaliation. *See Wood v. Yordy*, 753 F.3d 899, 904–05 (9th Cir. 2014).

The district court did not abuse its discretion in denying Buzzard leave to amend his claims. His claims related to parole denials and community custody conditions are barred by the respective statutes of limitations, and no amendment could cure these deficiencies. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020); *Novak v. United States*, 795 F. 3d 1012, 1020–21 (9th Cir. 2015). Despite being previously granted leave to amend, Buzzard failed to remedy the deficiencies identified by the district court in his access to courts, equal protection, First Amendment, and retaliation claims. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**