**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON C. YOUKER, | No.   21-35270 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00177-RMP |
| v. | |
| CALLIE HILLHOUSE; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| RAYMOND MAYCUMBER, Sheriff, Ferry County Sheriff's Office; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted March 27, 2023[**]

Before:  WALLACE, D. NELSON and FERNANDEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jason Youker appeals pro se the district court's summary judgment order in favor of the City of Republic and other defendants in his civil rights action concerning the seizure and forfeiture of his property. Where the appellant is pro se, we have an obligation "to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021). We affirm in part and reverse and remand in part.

The district court erred in concluding that Youker's Fourth Amendment claim, Claim 1, was barred by the three-year statute of limitations set forth in Wash. Rev. Code § 4.16.080(2). *See Boston v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (holding that federal courts look to state law for the statute of limitations in actions under 42 U.S.C. § 1983). The statute of limitations was tolled pursuant to Wash. Rev. Code § 4.16.190 while Youker was imprisoned on criminal charges prior to his sentencing on May 24, 2016.[1] He filed his complaint exactly three years later on May 24, 2019.

---

[1] We take judicial notice of the date of Youker's sentencing in *United States v. Youker*, 2:14-cr-152-RMP-1 (E.D. Wash.). *See Avilez v. Garland*, 48 F.4th 915, 917 n.3 (9th Cir. 2022) (holding that we may take notice of proceedings in other courts if those proceedings have a direct relation to the case at issue).

The district court also erred in concluding that there was no genuine issue of material fact as to whether defendants seized property beyond the scope of the search warrant. *See United States v. Ramirez*, 976 F.3d 946, 952 (9th Cir. 2020) ("[A] search or seizure pursuant to an otherwise valid warrant is unreasonable under the Fourth Amendment to the extent it exceeds the scope of that warrant."). The warrant listed certain items subject to seizure, but the list of items seized in the Ferry County Sheriff's Office Property Report includes other property. Viewing the evidence in the light most favorable to Youker, we hold that defendants did not meet the standard for summary judgment. *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 835 (9th Cir. 2022). We therefore reverse the district court's grant of summary judgment on the Fourth Amendment claim.

We affirm the district court's grant of summary judgment on Youker's claim of denial of due process in the seizure and forfeiture of his property. The district court correctly concluded that this claim was precluded because Youker had an adequate post-deprivation remedy in state tort law. *See Miranda v. City of Casa Grande*, 15 F.4th 1219, 1227–28 (9th Cir. 2021); Wash. Rev. Code § 4.92.090-.100 (stating that the State of Washington "shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation").

We affirm the district court's grant of summary judgment on Youker's claim

of conspiracy and fraud. *See Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006) (holding that conspiracy requires agreement to violate plaintiff's constitutional rights); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (requiring that federal courts look to state law for elements of fraud); *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (describing the elements of fraud under Washington law).

**AFFIRMED in part; REVERSED as to the district court's grant of summary judgment on the Fourth Amendment claim; and REMANDED for further proceedings on the Fourth Amendment claim and the claim of municipal liability for any Fourth Amendment violation.**