**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JARED A. FRERICHS, | No. 24-2977 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00277-TOR |
| v. | MEMORANDUM* |
| SPOKANE POLICE DEPARTMENT, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted May 21, 2025**

Before: SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Jared A. Frerichs appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action arising out of the confiscation of his

firearms. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under Federal Rule of Civil Procedure 12(c). *Webb v. Trader Joe's Co.*,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

999 F.3d 1196, 1201 (9th Cir. 2021).  We affirm.

The district court properly dismissed Frerichs's § 1983 claims as barred by the applicable statute of limitations.  *See Soto v. Sweetman*, 882 F.3d 865, 870–71 (9th Cir. 2018) (explaining that "[f]ederal courts in § 1983 actions apply the state statute of limitations from personal-injury claims," and that "federal law governs when a claim accrues," which is "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation omitted)); *Boston v. Kitsap County*, 852 F.3d 1182, 1185 (9th Cir. 2017) (explaining that a three-year statute of limitations, WASH. REV. CODE § 4.16.080, applies to § 1983 claims in Washington).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**