**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURA HUNTER,

      Plaintiff - Appellant,

  v.

CITY OF EVERETT, Washington; LEROY
McNULTY, Fire Chief; TONY LEE, City
of Everett Building Official; KEVIN
FAGERSTROM, Building Inspector,

      Defendants - Appellees.

No. 25-1022

D.C. No. 2:24-cv-02028-JLR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted May 26, 2026[**]

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Laura Hunter appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging constitutional claims against the City of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Everett and its officers.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of the applicable statute of limitations.  *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008).  We affirm.

The district court properly dismissed Hunter's action as time-barred because Hunter failed to file the action within the applicable statute of limitations and did not allege facts sufficient to establish equitable tolling.  *See Boston v. Kitsap County*, 852 F.3d 1182, 1185 (9th Cir. 2017) (explaining that in § 1983 actions, federal courts apply the forum state's statute of limitations for personal injury actions and tolling provisions, and that the applicable Washington statute of limitations is three years); *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir. 2018) (explaining that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Fowler v. Guerin*, 515 P.3d 502, 503 (Wash. 2022) (en banc) (setting forth requirements for equitable tolling under Washington law).

The district court did not abuse its discretion in denying further leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**